1    WO

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9    Daniel Wade Morris, et al.,              No. CV-23-00527-PHX-ESW

10                  Plaintiffs,                **ORDER**

11   v.

12   Carl T. Hayden VA Medical Center,

13                  Defendant.

14

15

16         Daniel Wade Morris ("Plaintiff") brings this action pursuant to the Federal Tort

17   Claims Act ("FTCA").  Pending before the Court is the United States' "Motion to Dismiss

18   Plaintiff's First Amended Complaint" (Doc. 42).  For the reasons explained herein, the

19   Motion (Doc. 42) will be granted.  The Court will grant Plaintiff leave to file a Second

20   Amended Complaint to correct the deficiencies in the First Amended Complaint.

21                        **I.  BACKGROUND**

22         In a Complaint (Doc. 1) filed on March 29, 2023, Plaintiff asserted a claim against

23   Defendant Carl T. Hayden Veteran Affairs Medical Center.  The Complaint alleges that

24   prior to surgery on February 18, 2020, a nurse "negligently or improper[ly]" inserted an IV

25   needle into Plaintiff's right wrist, which has diminished Plaintiff's ability to use his right

26   hand.  (*Id.* at 4).  On May 31, 2023, the United States moved for dismissal of the Complaint

27   for lack of subject matter jurisdiction, asserting that the FTCA does not permit institutional

28   tort claims.  (Doc. 15).  Plaintiff then moved to amend the Complaint, which the Court

granted.  (Docs. 20, 23).  The Court denied the United States' Motion to Dismiss as moot.  (Doc. 23).

On June 13, 2023, Plaintiff filed a First Amended Complaint that names four Defendants: (i) Carl T. Hayden Veteran Affairs Medical Center; (ii) Dr. Kirsten Janosek-Albright; (iii) Colleen Mielke; and (iv) Nehad M. Bilal.  (Doc. 26 at 1-2).  The First Amended Complaint reasserts the claim that on February 18, 2020, a nurse caused injury to Plaintiff's right hand after inserting an IV needle.[1]  (*Id.* at 4).  The First Amended Complaint states that the nurse is believed to be Colleen Mielke.  (*Id.*).

On July 21, 2023, the United States filed Motions seeking to substitute the United States for Defendants Janosek-Albright, Mielke, and Bilal.  (Docs. 39-41).  On August 11, 2023, the United States moved for dismissal of the First Amended Complaint.  (Doc. 42).  On August 14, 2023, the Court conditionally granted the Motions to Substitute.  (Doc. 43).  The docket reflects that Carl T. Hayden Veteran Affairs Medical Center and the United States are the active Defendants in this matter.  Plaintiff filed his Response (Doc. 50) to the Motion to Dismiss on August 22, 2023.  The United States has not filed a Reply.  On August 28, 2023, the parties consented to the exercise of Magistrate Judge jurisdiction and the matter was reassigned to the undersigned.  (Doc. 52).

## II. DISCUSSION

### A.  Subject Matter Jurisdiction

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction."  *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  A "[p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim."  *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13-14 (D.D.C. 2001) (internal quotation marks and citation omitted).

---

[1]  However, the First Amended Complaint omits the language in the original Complaint (Doc. 1 at 4) that asserts that the nurse inserted the IV needle "negligently or improper[ly]."

"When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp.*, 236 F.3d at 499.

Because federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Pursuant to the doctrine of sovereign immunity, "it is axiomatic that the United States may not be sued without its consent and the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Courts strictly construe waivers of sovereign immunity. *See Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 644 (9th Cir. 1998).

## B. Analysis

Under the FTCA, the United States can be held liable for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment*,* under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "The [FTCA] is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976).

"[T]he United States is the only proper party defendant in an FTCA action[.]" *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); *see also* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency [under the FTCA]."). Accordingly, the Court will grant the United States' Motion to Dismiss (Doc. 42) as to Defendant Carl T. Hayden Veteran Affairs Medical Center.

As noted, the United States has been substituted as a Defendant. (Doc. 43). Under

the FTCA, a party cannot sue the United States without first exhausting all administrative remedies.  That is, before bringing an FTCA claim, a claimant must first present a tort claim to the appropriate agency and obtain a final denial of that claim.  28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."); *see also* 28 U.S.C. § 2401(b) (requiring filing of tort claim); *McNeil v. United States*, 508 U.S. 106 (1993); *Bryant v. United States*, 147 F. Supp. 2d 953, 961 (D. Ariz. 2000).

"The requirement of an administrative claim is jurisdictional."  *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (citing *Cadwalader v. United States*, 45 F.3d 297, 300 (9th Cir. 1995)).  "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity.  Any such waiver must be strictly construed in favor of the United States.'"  *Id.* (quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992)); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985) ("This requirement [of presenting a tort claim] is jurisdictional and may not be waived.").

Plaintiff's First Amended Complaint (Doc. 26) does not allege that Plaintiff exhausted his administrative remedies prior to initiating this action.  Moreover, Plaintiff asserts injury related to a medical procedure occurring in February 2020.  "A claim must be filed with the agency within two years of the claim's accrual and the claimant must file suit within six months of administrative denial of the claim.  If either requirement is not met, suit will be time barred."  *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984); 28 U.S.C. § 2401(b) (providing that a tort claim against the United States is "forever barred" unless presented in writing to the appropriate federal agency within two years after the claim accrues or action is begun within six months after the agency's final denial of the

claim).

It is further noted that "[c]laims made under the FTCA are governed by the substantive law of the state in which the claim arose." *Swails v. United States*, 406 F. App'x 124, 125 (9th Cir. 2010) (citing 28 U.S.C. § 1346(b)(1)).  The Court concurs with the United States' arguments in its Motion to Dismiss that the First Amended Complaint fails to sufficiently state a claim of negligence or medical malpractice.[2]  (Doc. 42 at 5-6).

The Court concludes that Plaintiff has failed to meet his burden of establishing a waiver of the United States' sovereign immunity and has not established subject matter jurisdiction over the United States.  *See Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995) (explaining that it is plaintiff's burden of showing a waiver of sovereign immunity).  The Court will grant the United States' Motion to Dismiss (Doc. 42).

Dismissal for lack of subject matter jurisdiction should be without prejudice unless there is no way the jurisdictional defect can be cured.  *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988).  In his Response to the Motion to Dismiss, Plaintiff states that he "had sent a letter to the Director and Assistant Director's" in March of an unspecified year in which Plaintiff asserted his "claim of injury and request[ed] an internal investigation and/or meeting to discuss these claims of injury and possible Medical Malpractice he suffered on the morning of February 18, 2020." (Doc. 50 at 2).  Plaintiff then states "See Attached Copy of Letter." (*Id.*).  However, the letter is not attached to the Response.

By **October 4, 2023**, Plaintiff may file a Second Amended Complaint to cure the deficiencies in the First Amended Complaint.  *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *see also Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.") (internal quotation marks and citation

---

[2] The United States filed its Motion to Dismiss (Doc. 42) prior to the Court's Order (Doc. 43) substituting the United States for the individually named Defendant medical providers.  The Motion to Dismiss asserts the United States' failure to state a claim argument in the context of the request to dismiss those individually named Defendants.

omitted).  If filed, the Second Amended Complaint shall comply with the Federal and Local Rules of Civil Procedure.  It is noted that an amended complaint supersedes its original complaint. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. *Id.*

### III.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting the United States' "Motion to Dismiss Plaintiff's First Amended Complaint" (Doc. 42).

**IT IS FURTHER ORDERED** that by **October 4, 2023**, in accordance with this Order, Plaintiff may file a Second Amended Complaint to cure the deficiencies in the First Amended Complaint.  Plaintiff must comply with Local Rule of Civil Procedure 15 by filing a notice of amended pleading that includes a red line of Plaintiff's changes and a clean copy of his Second Amended Complaint.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action if Plaintiff does not timely file a Second Amended Complaint.

Dated this 20th day of September, 2023.

_____
Eileen S. Willett
United States Magistrate Judge